IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CR-13-102-D<br>Case No. CR-13-154-D |
| DAVID WAYNE HEATH, | ) ) ) | |
| Defendant. | ) | |

**O R D E R**

By Order of May 9, 2016, the Court granted Defendant's *pro se* request to amend his pending § 2255 motions to add a claim for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and authorized Defendant to file an appropriate pleading in each of his criminal cases "within 30 days from the date of this Order." On June 16, 2016, Defendant filed a supplement to his § 2255 motion in each case [Doc. No. 64, Case No. CR-13-102-D; Doc. No. 50, Case No. CR-13-154-D]. These filings were not made within 30 days of the May 9 Order as directed, but they were filed within one year of the decision in *Johnson* and may be timely filed under § 2255(f)(3), if applicable. Therefore, the Court exercises its discretion to excuse Defendant's untimeliness under the Order.

Further, although Defendant's supplements discuss only statutory provisions that were not applied to him (18 U.S.C. § 924(c)(3)(B) and (e)(2)(B)), the Court notes his advisory guideline sentence was computed using the career offender provision of U.S.S.G. § 4B1.1. The Tenth Circuit has declared that the "residual clause" of § 4B1.2(a)(2) is "void for vagueness" for the same reasons that the Supreme Court found an identical provision of

§ 924(e)(2)(B) to be unconstitutionally vague in *Johnson*. *See United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015). Because the impact of *Madrid* on Defendant's sentence is unclear to the Court, and because Defendant appears to need assistance in articulating any *Johnson* claim that he may have, the Court finds that counsel should be appointed to represent Defendant for this purpose. The Court further finds that the Federal Public Defender should not be appointed because Defendant claims in his pending § 2255 motions that Assistant Federal Public Defender Brooke A. Tebow provided ineffective assistance with respect to his guilty pleas.

IT IS THEREFORE ORDERED that the Federal Public Defender is requested to recommend an attorney from the CJA panel for appointment in her place, in order to represent Defendant for the purpose stated herein.

IT IS SO ORDERED this 26th day of July, 2016.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE